IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HAKEEM L. SMITH,**

    **Petitioner,**

vs.                  Case No. 15-CV-807-DRH

**UNITED STATES OF AMERICA**

    **Respondent.**

## ORDER

**HERNDON, District Judge**:

  On July 27, 2015, petitioner Hakeem Smith filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 motion, Smith challenges his designation and sentence as a career offender under §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S.Ct. 2551 (2015).

  The Court directed the government to file a response that same day (Doc. 2). Thereafter, the government filed its response (Doc. 7) and Smith filed a reply (Doc. 9). On May 26, 2016, the Court, after reviewing the pleadings, and pursuant to Administrative Order 176, referred the case to the Federal Public Defender (Doc. 14). Thereafter, the Federal Public Defender moved to stay this case pending a decision by the United States Supreme Court in *Beckles v. United States*, 616 Fed.Appx 415 (11th Cir. 2015), cert. granted, --- U.S. ---, 136 S.Ct. 2510, ---L.E.2d --- (2016) (Doc. 16), which the Court granted (Doc. 17). On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 866 (2017)

(holding broadly that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, and thus, the reasoning of Johnson does not extend to § 4B1.2's residual clause).

In light of *Beckles*, the government filed a notice indicating that *Beckles* is dispositive of petitioner's request for relief (Doc. 18). Thereafter the Court directed the petitioner to show cause why the Court should not deny petitioner's § 2255 petition and dismiss the case. Subsequent to the Court's show cause order, the Federal Public Defender moved to withdraw as counsel stating that "Petitioner's claim relies on an argument that § 4B1.2(a)(2)'s residual clause no longer applies to his case based upon *Johnson*. The *Beckles* decision forecloses any colorable claim for relief based upon *Johnson*." (Doc. 22). The Court, again, entered a show cause order directing petitioner to show cause—no later than May 18, 2017— why the undersigned should not grant the Assistant FPD's motion to withdraw and deny Defendant's pro se § 2255 petition (Doc. 23). Smith failed to respond. Clearly, Beckles precludes Smith's § 2255 petition and there is no basis to vacate or correct Smith's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether

petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly dismissed with petitioner's motion based on *Beckles*.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Smith's 28 U.S.C. § 2255 motion (Doc. 1). Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Hakeem L. Smith.

**IT IS SO ORDERED.**

Signed this 8th day of June, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.06.08
15:49:40 -05'00'

**United States District Judge**